UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SCOTT COLE, | No. 2:15-cv-1338-EFB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| SOLANO COUNTY JAIL, | |
| Defendant. | |

Plaintiff is a county inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] He concedes that he did not present the facts in his complaint for review through the administrative grievance procedure prior to commencing this action. *See* ECF No. 1, § II. Therefore this action must be dismissed for failure to exhaust administrative remedies. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (prisoner's concession to nonexhaustion is valid ground for dismissal of an action, so long as no exception applies), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (*en banc*).

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility

---

[1] Plaintiff did not respond to the court's order directing him to complete and return the form indicating either his consent to jurisdiction of the magistrate judge or request for reassignment to a district judge. Accordingly, the clerk will be directed to randomly assign this case to a district judge.

1

1  until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This

2  requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001);

3  *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute

4  making exhaustion a precondition to judgment, but it did not. The actual statue makes exhaustion

5  a precondition to *suit*."). Therefore, a prisoner must exhaust available administrative remedies

6  before filing any papers in federal court and is not entitled to a stay of judicial proceedings in

7  order to exhaust. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006); *McKinney*, 311 F.3d

8  1198.

9  California prisoners may appeal "any policy, decision, action, condition, or omission" that

10 the inmate can demonstrate "as having an adverse effect upon his or her welfare." Cal. Code

11 Regs. tit. 15, § 3084.1(a). The grievance process, as defined by California regulations, has three

12 levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs.

13 tit. 15, § 3084.7. Administrative remedies generally are exhausted once a plaintiff has received a

14 "Director's Level Decision," or third level review, with respect to his issues or claims. *Id.*,

15 § 3084.1(b).

16 Here, plaintiff alleges in his June 14, 2015 complaint that he was injured that very day,

17 when he fell from the top bunk. ECF No. 1, § IV. He alleges that there is a grievance procedure

18 available to him and that he has filed a grievance concerning the facts relating to his complaint.

19 *Id.*, § II(A)—(B). However, he concedes that the grievance process has not been completed, and

20 that a correctional officer assured him that his grievance would be "push[ed] [] threw" if plaintiff

21 was not seen by medical on June 15, 2015. *Id.*, §§ II(C), IV.

22 "Proper exhaustion demands compliance with an agency's deadlines and other critical

23 procedural rules because no adjudicative system can function effectively without imposing some

24 orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

25 The concessions in plaintiff's complaint demonstrate that he has not "properly exhausted" his

26 claims by pursuing all levels of administrative review available to him, and that there is no

27 applicable exception to the exhaustion requirement. This action must therefore be dismissed

28 without prejudice. *See Wyatt*, 315 F.3d at 1120.

1    Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly
2 assign a United States District Judge to his case.
3    Further, IT IS HEREBY RECOMMEDNED that this action be dismissed without
4 prejudice for failure to exhaust administrative remedies prior to filing suit.
5    These findings and recommendations are submitted to the United States District Judge
6 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
7 after being served with these findings and recommendations, any party may file written
8 objections with the court and serve a copy on all parties.  Such a document should be captioned
9 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
10 within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
11 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
12 DATED:  September 23, 2015.

    EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE